**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

LACY LEE WILLIAMS, JR.,  #0442843          *
                                                             *
Plaintiff,                                                 *
                                                             *
v                                                             *          Civil Action No.  PWG-16-512
                                                             *
U.S. DEPT. OF JUSTICE,                          *
NATIONAL ARCHIVES AND RECORDS    *
  ADMINISTRATION,                                  *
MARY FRANCES RONAN,                          *
DEBRA STEIDEL WALL, Deputy              *
  Archivist of the United States National      *
  Archives and Records Administration,      *
                                                             *
Defendants.                                             *
                                                          ***

## MEMORANDUM OPINION

Lacy Lee Williams Jr. an inmate at the Maury Correctional Institution in North Carolina, is suing Defendants under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a.[1]  *See* Compl., ECF No. 1.  Williams supplemented his complaint at my direction.  *See* Order; Suppl., ECF No. 6.

## I.      BACKGROUND

I incorporate the background of this case as discussed in my March 18, 2016, Order.  In summary, beginning on April 13, 2014, Williams submitted requests to the Department of Justice ("Justice") and to the National Archives and Records Administration ("Archives") for records

---

[1]      The court dismissed Williams's Privacy Act claims against Defendants Mary Frances Ronan and Debra Steidel Wall on March 18, 2016.  *See* Order, ECF No. 3.  Individual governmental officials are not properly named as defendants in FOIA lawsuits. *See e.g*., *Skolnick v. Campbell*, 454 F.2d 531, 532 (7th Cir. 1971); *Jefferson v. Reno*, 123 F.Supp.2d 1 (D.D.C. 2000); *Cunningham v. O'Neill*, 953 F.Supp.2d 267 (D.D.C. 2013). Accordingly, the FOIA claims against Ronan and Wall will be dismissed by separate order.

concerning his forbearers who were in slavery in the United States. *See* Compl. 2.  Williams

seeks injunctive relief and damages.  *See id.* 4–6.  He asks for "paperwork" to enjoin his

continued enslavement and $1 million dollars for each year his relatives suffered as slaves.  *Id.* at

4–5.  He also seeks one acre of land for each year his relatives were forced to turn over their

property without due compensation.  *Id.* at 5.  Williams's records requests and the responses he

received are summarized below.

### A.  Records Request of April 13, 2014, to Justice

On April 13, 2014, Williams requested records concerning his "native American

Indians/Asiatic African aboriginal relatives forced into slavery here in the U.S.A. in the 1400s

until the 1900s."  Compl. 2.  He also sought documents pertaining to international human rights.

Additionally, Williams requested "proper citizenship, change of name, social security,

pardon/expungement of criminal records, reperation [sic] forms and etcetera."  *Id*.  Williams's

request, however, did not provide names or other identifying information to focus the scope of

his request and to enable a reasonable search of records.  *See* Order 1–2.

Williams states the Justice Correspondence Unit of the Civil Rights Division responded

to his FOIA request on May 22, 2014, stating "[r]equest for information/documents is one within

the jurisdiction of the courts or the state.  This Department has no authority to take any action in

the matter."  Suppl. 6–7.[2]   Williams appealed the determination to Justice's Office of

Information Policy (OIP).  *See id.* at 7; June 8, 2014, Appeal, Suppl., Ex. H, ECF No. 6-9.  By

letter dated September 3, 2014, OIP explained that "[t]he FOIA does not require agencies to

conduct research for you, to analyze data, to answer questions, or to create new records in

response to a FOIA request."  Sept. 3, 2014, Denial, Suppl., Ex. K, ECF No. 6-12; *see also*

---

[2]      Williams did not submit a copy of the May 22, 2014, Justice response.

Suppl. 7–8.  Further, because each federal agency maintains and processes FOIA requests for its own records and Williams was requesting historical records, OIP suggested that he contact Archives. Sept. 3, 2014, Response.   Williams was informed that the OIP decision was administratively appealable to the Director of the OIP within sixty days.  *Id.*

### B.  Records Request of July 3, 2014, to Justice

Williams next wrote to Justice, requesting "documents concerning reperations [sic] to repair the damages and acts done to Lacy Lee Williams Jr. forefathers and mothers, placed in slavery without due compensation for their labor since the 1400's until the Emancipation Proclamation was signed in 1862."  Suppl. 3–4; July 3, 2014, Request, Suppl., Ex. C, ECF No. 6-4.  He asked for forms to collect debts owed to him from the United States Government for the last 600 years.  July 3, 2014, Request.

### C.  Records Request of July 5, 2014, to Archives

On July 5, 2014, Williams requested from Archives copies of the Declaration of Independence, laws related to the slave trade, and "any and all documents, original or copies of Lacy Lee Williams, Jr. forefathers and mothers DNA, names and locations of the plantations where they were slaves since the 1400's until 1865."  Suppl. 4; July 5, 2014, Request, Suppl., Ex. D, ECF No. 6-5.  He also sought documents pertaining to the names of overseers, businesses, and profits associated with his forebears.  July 5, 2014, Request.

On September 30, 2014, Williams received a letter from Mary Frances Ronan, in the Archival Operations Section of Archives.  Sept. 30, 2014, Response, Suppl., Ex. M, ECF No. 6-14.  The letter reads in part:

> This is in response to your Freedom of Information Act (FOIA) request (**RD-44356**) received in this office on September 25, 2014, requesting copies of "any or all" unspecified documents relating to the history of slavery, human rights, citizenship, and your personal relatives going back to the 1400s.

The Freedom of Information Act (U.S.C. 552) as amended does not obligate a Federal Agency to perform general research of the type you requested. Requests must be reasonably specific in nature, not requiring extensive researching and identification of documents which may or may not pertain to your subject. The overwhelming proportion of records in our custody are [sic] already open and available for research use, including records pertaining to genealogy. We can provide information about the records, make them available for use in our research rooms, and provide specific documents for a fee. We are not staffed to provide general research service.

. . .

Our inability to do substantive research for you does not constitute a denial for the purpose of the Freedom of Information Act. If you consider this an adverse response, you may appeal by writing within 35 days of receipt of this letter to the Deputy Archivist (ND), National Archives at College Park, 8601 Adelphi Road, College Park, MD 20740-6001, and explain why you think our search does not meet the requirements of the FOIA.

*Id.* Williams appealed. *See* Dec. 22, 2015, Response, Suppl., Ex. P, ECF 6-17 (noting the letter of Williams's appeal was dated October 19, 2014).

On December 22, 2015, Deputy Archivist Debra Steidel Wall responded to Williams's appeal, affirming Ronan's determination.

Ms. Ronan was correct when she informed you that the FOIA does not obligate an agency to conduct research in its holdings. The courts have determined agencies are not required to conduct wide-ranging, "unreasonably burdensome" searches for records. Please note that all of the records that might be relevant to your research are open and available in our facilities and do not require you to submit a FOIA request in order to gain access to them.

*Id.* The Deputy Archivist's response informed Williams if he was unable to travel to the Archives facility in College Park, Maryland, there was an option available for hiring a professional researcher and paying for duplication of records. *Id.* The response also informed him that the Office of Government Services provides mediation services to resolve disputes between FOIA requesters and agencies as a non-exclusive alternative to litigation and provided

contact information.  *Id.*[3]   Lastly, the response informed Williams that he had exhausted his administrative remedies, and judicial review was available.  *Id.*

### D.  Records Request of July 14, 2014, to Justice

Williams requested documents concerning his "African aboriginal forefathers and mothers giving up their independence and or [sic] freedom to become slaves here in the United States of America, dated from the 1400's to the present time."  July 14, 2014, Request, Suppl., Ex. E, ECF No. 6-6.  He also requested documents including, but not limited to "change of name and social security identification number forms, pardon and expungement of criminal records forms, and proper citizenship forms."  *Id.*   Further, he requested documents concerning due process and treaties on illegal immigrants.  *Id.*   Williams did not provide additional information to focus the scope of his request.

### E.  Records Request of September 24, 2014, to Justice

Williams resumed his requests for Justice records on September 24, 2014, when he wrote to the Justice Division of Environmental and Natural Resources asking for:

> 400 acres of land to build on, proper citizenship forms, change of name and social security number forms, pardons and expungement of criminal records forms, and the proper application forms so that Mr. Lacy Lee Williams, Jr. can receive his overdue reperations [sic], to repair and restore, the damages, malicious and sadism acts done to his forefathers and mothers as slaves here in the U.S.A.

Sept. 24, 2014, Request, Suppl., Ex. F, ECF No. 6-7.

### F.  Records Request of September 28, 2014, to Justice

Williams repeated his September 24, 2014, request for assistance to obtain 400 acres of land and necessary forms to obtain 400 acres of land and necessary in letters written to various Justice offices or bureaus, including the Office of Federal Detention Trustee, the Federal Bureau

---

[3]       Williams does not indicate whether he has used this service.

of Prison, Immigration Review, Office of the Pardon Attorney, the Foreign Claims Settlement Commission, the Civil Rights Division, and the Federal Bureau of Investigation.  Sept. 28, 2014, Request, Suppl., Ex. G, ECF No. 6-8; *see also* Suppl. 6.  Curiously, Williams specified in each of these letters that his request was *not* made under the FOIA or Privacy Act.  *Id.*

Williams states he received no response to his requests, save one from the Antitrust Division, an office to which he had not submitted his request. *Id.* at 17. The Antitrust Division stated that the request was referred to the Justice components designated in his requests or most likely to maintain the records sought.  *Id.*

## II.    DISCUSSION

### A.  Legal Standards

#### *1.  Preliminary Screening*

Williams filed the complaint under 28 U.S.C. §§ 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).  The Court is mindful of its obligation to construe liberally the pleadings of pro se litigants such as Williams.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true.  *Id*. at 93–94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d

1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

      *2.  Freedom of Information Act*

FOIA "provides a mechanism for citizens to obtain documents from federal agencies, and grants federal district courts jurisdiction to review agency compliance with citizens' requests." *Shortall v. Baltimore Dist. U.S. Army Corps of Engineers*, No. WMN-14-3904, 2015 WL 3545259, at \*3 (D. Md. June 4, 2015) (quoting *Reaves v. Jewell*, Civ. No. DKC-14-2245, 2014 WL 6698717, at \*3 (D. Md. Nov. 26, 2014)).  Subject to certain statutory exemptions not at issue here, FOIA requires that federal agencies shall "upon any request for records which . . . reasonably describe such records . . . make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

Under FOIA, an agency must "provide information to the public on request if the request 'reasonably describes' the record sought and is made in accordance with published agency rules for making requests." *Ethyl Corp. v. U.S. EPA*, 25 F.3d 1241, 1245 (quoting 5 U.S.C. § 552(a)(3)). "[I]t is the requestor's responsibility to frame requests with sufficient particularity to ensure the searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested." *Assassination Archives & Research Ctr. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989) (internal citations omitted).  Even where a request sufficiently describes the records sought, an agency is not required to comply with a request "so broad as to impose an unreasonable burden upon the agency." *See Am. Fed'n of Gov't Employees, Local 2782 v. U.S. Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990).

A federal court only has jurisdiction to devise a remedy upon a showing that the agency has improperly withheld agency records. *Kissinger v. Reporters Comm. for Freedom of the*

*Press*, 445 U.S. 136, 150 (1980). An agency acts improperly "when a record is withheld outside one of the enumerated FOIA exceptions." *Kim v. Internal Revenue Service*, No. WMN-99-2096, 1999 WL 1424998, at *2 (D. Md. Dec. 28, 1999) (quoting *Bartlett v. U.S. Dep't of Justice, Fed. Bureau of Investigation*, 867 F. Supp. 314, 315 (E.D. Pa. 1994)). "An agency *withholds* records only when it has custody over the documents and does not release them," *id.*, and "has no duty to create records upon a FOIA request," *id.*; *see also Zemansky v. U.S. EPA*, 767 F.2d 569, 574 (9th Cir. 1985) (holding agency had no duty under FOIA to create documents).

A request must be sufficiently specific to enable a government employee familiar with the subject area to locate the records with reasonable effort. *See James Madison Project v. CIA*, No. GBL-08-1323, 2009 WL 2777961, at *3 (E.D. Va. Aug. 31, 2009). An agency has not improperly withheld information under FOIA if the agency conducted a "search reasonably calculated to uncover all relevant documents" but has failed to provide the requester every single potentially responsive document that exists. *See Ethyl Corp.*, 25 F.3d at 1246 (internal quotation marks omitted) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

FOIA requesters may request a waiver of fees. *See* 5 U.S.C. § 552(a)(4)(A). Under the FOIA, fee waivers are limited to situations in which a requester can show that the disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester. *Id.* at § 552(a)(4)(A)(iii). Requests for fee waivers from individuals who are seeking records pertaining to themselves usually do not meet this standard because such disclosures usually benefit the individual requester rather than increase the public's understanding of government operations and activities. A requester's inability to pay

fees alone is not a legal basis for granting a fee waiver. *See id.* Williams does not indicate whether he sought a fee waiver from either federal agency defendant, although he indicates he sent a copy of his prisoner trust fund statement to Archives and requested documents free of charge. *See* Jan. 9, 2016, Letter, Suppl., Ex. Q, ECF No. 6-18.

"Monetary damages are not available under FOIA." *Moore v. U.S.* No. WDQ-13-2353, 2014 WL 2575765, at *3 (D. Md. June 6, 2014) (citing *Smith v. Commc'ns Works of Am.*, No. AW-12-0027, 2012 WL 6727150, at *4 (D. Md. Dec. 26, 2012) *aff'd sub nom. Smith v. EEOC*, 517 F. App'x 159 (4th Cir. 2013)); *see also* § 552(a)(4)(B); *Ross v. United States*, 460 F. Supp. 2d 139, 151 (D.D.C. 2006).

### 3. Privacy Act

The Privacy Act requires federal agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination" about the individual. 5 U.S.C. § 552a(e)(5). "Unlike FOIA, the Privacy Act's primary purpose is not disclosure. Rather, 'the main purpose of the Privacy Act's disclosure requirement is to allow individuals on whom information is being compiled and retrieved the opportunity to review the information and request that the agency correct any inaccuracies.'"). *Blazy v. Tenet*, 194 F.3d 90, 96 (D.C. Cir 1999) (quoting *Henke v. United States Dep't of Commerce*, 83 F.3d 1453, 1456–57 (D.C. Cir. 1996)).

Where a violation of the Privacy Act concerns an agency's refusal of an individual's request for access to his or her own record, the remedy is injunctive relief. 5 U.S.C. §§ 552a(d)(1), 552a(g)(1)(B), & 552a(g)(3). For all other violations, including a wrongful

refusal of an individual's request to amend a record, damages may be available where an individual actually is harmed by the violation. 5 U.S.C. §§ 552a (g)(1)(C)–(D) & 552a(g)(4)(A).

## B. Analysis

The court assumes for the purpose of this decision that Williams has exhausted his administrative appeals. *Pollack v. Dep't of Justice,* 49 F.3d 115, 118 (4th Cir. 1995) (stating that to file suit under the FOIA, a requester must first exhaust all administrative remedies).

In this case, neither the Department of Justice nor the National Archives and Records Administration withheld records from Williams.  No records were withheld on the basis of claimed statutory exemptions.  Instead, Williams's requests were deemed too broad and unspecific to permit a records search as contemplated under FOIA.  "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Assassination Archives*, 720 F. Supp. at 219.  "[I]t is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested."  *Id.* (citing *Yeager v. DEA*, 678 F.2d 315 (D.C. Cir. 1982)).

FOIA does not provide individuals with the right to demand "an all-encompassing fishing expedition" of files in every office within every federal law enforcement agency "at taxpayer expense." *Dale v. IR*S, 238 F. Supp. 2d 99, 105 (D.D.C. 2002); *see also Mason v. Callaway*, 554 F. 2d 129, 131 (4th Cir. 1977) (request for all documents "pertaining to the atrocities committed against plaintiffs . . . , including, but not limited to, the files of (various government offices) . . . typifies the lack of specificity that Congress sought to preclude in the requirement of 5 U.S.C. § 552(a)(3) that records sought be reasonably described" (first alteration in original)).  The "linchpin inquiry is whether the agency is able to determine 'precisely what records [are] being

requested.'" *Yeager*, 678 F.2d at 326 (citation omitted).   Here, Williams submitted sweeping requests for genealogical and other historical information covering a period of over 600 years with no other identifying details.   Williams made no attempt to narrow the range of his request after request requirements were explained to him.   Williams was not provided records because the requests were insufficiently specific to enable a search under the parameters of FOIA or the Privacy Act.

Absent withholding of documents after a FOIA request that is sufficiently specific to enable location of records, there is no violation of the statute.   Neither may Williams seek damages and injunctive relief under FOIA to create documents responsive to his requests.[4] Accordingly, Williams's FOIA claims against the Defendants will be dismissed without prejudice for failure to state a claim.

Williams's Privacy Act claims are equally problematic. His broad request for ancestral records was submitted without detail.   No documents were withheld from him as the request was insufficiently framed to enable a responsive search of agency records.   Williams's claims under the Privacy Act will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

## III.    CONCLUSION

---

[4]     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a federal constitutional right or a right secured by federal law. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979). 42 U.S.C. § 1983 establishes a cause of action against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.   However, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker*, 443 U.S. at 144 n.3).   Plaintiff does not claim abridgement of a constitutional right.   His conclusory allusions to racism and bias in handling his requests, *see* Jan. 9, 2016, Letter, are unsubstantiated in the record.

For these reasons, this case will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

Dated: <u>May 27, 2016</u>                                    _____/S/_____

                                                                             Paul W. Grimm
                                                                             United States District Judge